

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2005

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Patel v. Atty Gen USA" (2005). *2005 Decisions.* Paper 353.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/353

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4318

MUKESH KUMAR PATEL; HEMLATA PATEL;
KAVISH PATEL; DHARMESH PATEL,

Petitioners

v.

ATTORNEY GENERAL
OF THE UNITED STATES*

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
( A73-162-623; A70-868-375;
A77-729-595; A77-729-594)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed: October 25, 2005 )

## OPINION

COWEN, Circuit Judge.

Mukesh Kumar Patel, his wife Hemlata Patel and their children Dharmesh and Kavish, each a Hindu native and citizen of India, petition for review of an order of the Board of Immigration Appeals (the "Board") adopting and affirming the Immigration Judge's ( the "IJ") decision denying their applications for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the Convention Against Torture ("CAT"). The Patels contend that the IJ's adverse credibility determination was not supported by substantial evidence as the inconsistencies pointed to were minor and did not go to the heart of the asylum claim. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and will deny the petition for review.

As we write solely for the parties, we only provide a brief recitation of the facts. According to Mukesh Kumar Patel, he was victimized by a radical Hindu party called the "RSS" who targeted him for treating Muslims well. Specifically, in December 1992 when he was visiting his in-laws in Mumbai (formerly known as Bombay), he provided shelter for two Muslims who were being attacked by a Hindu mob. After the Muslims left, he testified that the neighbors verbally accosted him and telephoned the RSS. Members of the RSS subsequently arrived and beat him on his face. When he tried to

2

report the incident, the police allegedly taunted him for complaining against Hindus in favor of Muslims and refused to file his complaint.

The next incident allegedly occurred in February 1993 when RSS radicals came to the Patels' home in Gujarat. The radicals allegedly told Mukesh Kumar Patel that he could not hide from them and that he would be forgiven only if he donated money to build a Hindu temple. When he refused, the radicals beat him until some neighbors stepped in and saved his life. Once again, the police sided with the radicals telling him that as a Hindu he should not be protecting Muslims. The RSS subsequently threatened to kill him as an example to others not to interfere with them. When he went to the police, they again refused to take any action.

Mukesh Kumar Patel stated that he left India and came to the United States in July 1993 because he feared for his life. His wife did not enter the United States until August 1995 and his children not until December 1999. On behalf of himself and his family, Mukesh Kumar Patel filed an asylum application in 2001. The IJ denied the Patels asylum, withholding of removal, and protection under CAT, but granted them voluntary departure. The Board adopted and affirmed the IJ's decision and this petition for review followed.

We review the denial of an asylum application for substantial evidence, and will not disturb an administrative finding if it is "supported by reasonable, substantial and probative evidence on the record considered as a whole." *Dia v. Ashcroft*, 353 F.3d 228,

3

247-50 (3d Cir. 2003) (citing 8 U.S.C. § 1105(a)(4)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Senathirajah v. I.N.S.*, 157 F.3d 210, 216 (3d Cir. 1998) (internal quotation marks and citations omitted). We must sustain an adverse credibility determination if it is supported by substantial evidence. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004); *see also Balasubramanrim v. I.N.S.*, 143 F.3d 157, 161 (3d Cir. 1998). To obtain a reversal of an administrative decision, the alien must show that the evidence he presented was so persuasive that any reasonable adjudicator would be compelled to conclude to the contrary. *I.N.S v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The Patels contend that the IJ's adverse credibility determination was not supported by substantial evidence because the inconsistency between the written statement and oral testimony was minor and did not go to the heart of their asylum claims. First, the Patels contend that the supposed inconsistency between Mukesh Kumar Patel's writing in the application that the neighbors confronted him, and his oral testimony that the neighbors observed him and reported him to the RSS, is not an inconsistency at all. Like the application, his testimony indicated that he had a confrontation with his neighbors. Alternatively, they argue that to the extent the statements are inconsistent, it should have no bearing on the asylum claims as Mukesh Kumar Patel consistently explained that the RSS and Hindu radicals persecuted him for providing shelter to Muslims. We disagree.

4

The record establishes that Mukesh Kumar Patel testified in contradiction to his written asylum application.   As the IJ points out, in his 2001 asylum application Patel claims that in December 1992 his neighbors, not members of the RSS, confronted and attacked him for assisting Muslims.[1]  In his oral testimony, however, he implied that the neighbors observed him helping the Muslims and they notified the RSS, who later attacked him.  During the hearing, Mukesh Kumar Patel could not explain this inconsistency, other than by stating that "just now, the truth has come to my mind . . . [a]nd  I'm reminded . . . that it was the RSS which had beaten me and not my neighbors. (App. at 115-16.)   Despite the Patels' argument to the contrary, this inconsistency is not minor as the basis for seeking asylum and withholding is that due to their assistance of Muslims, they would be subject to persecution in India. Mukesh Kumar Patel's failure to consistently identify his alleged persecutor with respect to one of the primary acts of alleged persecution, clearly undermines his credibility.

Accordingly, we find that the primary inconsistency relied on by the IJ to support his adverse credibility determination, goes to the heart of the Patels' application and is supported by substantial evidence in the record.

---

[1]  In his 1993 asylum application, Patel did not mention being beaten by any individuals or groups.  (App. at 374-75.)  Further, that application stated that he was targeted by Muslims, not by radical Hindus.  Patel argues that the application should not be considered because the attorney who prepared it stated the grounds for relief incorrectly.  However, Patel signed the application under oath and closer in time to the alleged acts of persecution than the revised application.  Because we find that the 2001 application supports the IJ's adverse credibility determination, we need not rely on the further inconsistencies contained in the 1993 application.

For the foregoing reasons, the petition for review will be denied.